## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| AMANDA VACANTI, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>2800 CORPORATION d/b/a BOTTOMS UP LOUNGE and MIGUEL "MIKE" RAMIREZ,<br><br>       Defendants. | NO. 1:20-CV-38 |

## COLLECTIVE AND CLASS ACTION COMPLAINT
## AND JURY DEMAND

**I.  INTRODUCTION**

1.     Plaintiff Amanda Vacanti brings this class and collective action on behalf of herself and all other exotic dancers who have worked at 2800 Corporation d/b/a Bottoms Up Lounge ("Bottoms Up") in Council Bluffs, Iowa. This action is brought against Bottoms Up and its owner, Miguel "Mike" Ramirez ("Mike Ramirez") (collectively, "Defendants").

2.     In this action, Plaintiff claims that Defendants have misclassified exotic dancers working at Bottoms Up as independent contractors rather than employees, have paid dancers less than the minimum wage, and have taken unlawful fees and tip-outs from the dancers' pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Iowa state law.

3.     This action is brought individually and as a class and collective action for unpaid minimum wages, unlawful kick-backs, liquidated damages, and for other relief under the FLSA, the Iowa Wage Payment Collection Law (Iowa Code § 91A.8), and Fed. Civ. P. Rule 23. The

collective action provisions under the FLSA provide for opt-in class participation, while Plaintiffs' class allegations under Federal Rule 23 are "opt-out" classes.

## II. **PARTIES**

4.     Plaintiff Amanda Vacanti is an adult resident of Council Bluffs, Iowa. She has worked as an exotic dancer at Bottoms Up between approximately 2007 and 2020.

5.     The members of the proposed collective and class are all individuals who worked as exotic dancers at Bottoms Up during the relevant statutory periods.

6.     Defendant Bottoms Up is a company with its principal place of business in Council Bluffs, Iowa.

7.     Defendant Mike Ramirez is the owner of Bottoms Up and is in charge of the day-to-day decisions regarding dancers, including hiring, compensation, and discipline.

## III. **JURISDICTION AND VENUE**

8.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this action is based, in part, on the FLSA.

9.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims, which are brought pursuant to the laws of the State of Iowa, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because at least one Defendant is located within this judicial district and division, and the unlawful labor practices giving rise to Plaintiffs' claims were committed, at least in part, within this Division.

IV. **STATEMENT OF FACTS**

11.    Defendants have misclassified exotic dancers working at Bottoms Up as "independent contractors," when, in reality, they are employees of Defendants.

12.    Defendants have exercised extensive control over the manner in which exotic dancers at Bottoms Up perform their jobs and conduct themselves while on Bottoms Up premises, including their appearance, how much they can receive for private dances and sessions, and how they can interact with customers.

13.    Defendants required exotic dancers to work a set schedule of at least three nights per week, which were sometimes dictated by Defendant Ramirez.

14.    Defendants fined dancers between $35 and $45 if they missed a shift or arrived late to their scheduled shifts. The shifts started at 7 PM and ended at 2 AM. At times, Plaintiff Vacanti worked seven shifts a week.

15.    During the dancers' shifts, Defendants would require dancers to come to the stage at the Club periodically to perform during a set of three songs. Dancers were reprimanded for missing their stage sets. Dancers were not permitted to request certain types of music, including hip-hop music, for their dances.

16.    Plaintiff and other dancers were required to tip the DJ 10 percent of their earnings each night. The dancers also tipped other club staff, such as the door man.

17.    Defendants set the prices for the dances Plaintiff and other dancers performed– each dance was $20, and the dancers were allowed to keep $5. Plaintiff and other dancers did not receive any compensation from Defendants; their only compensation was in the form of fees paid by customers for dances.

18.     Even if the payments from customers were deemed to be the dancers' "wages," the dancers have not been permitted to retain the full amount of these wages, since Defendants has subtracted various fines, charges, and fees from these amounts (as well as requiring the dancers to share them with other employees).

19.     Defendants fined dancers for various infractions–for example, Plaintiff was charged $35 for wearing her hair in a bun and $50 for having alcohol in her bag.

20.     Bottoms Up is in the business of providing adult entertainment to its patrons. The dancers perform services in the usual course of Bottoms Up's business, and without the dancers, Bottoms Up would have no business.

## V.  CLASS AND COLLECTIVE ALLEGATIONS.

21.     Plaintiff brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals who worked as exotic dancers at Bottoms Up at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were not paid minimum wage compensation as required by the Fair Labor Standards Act.

22.     Plaintiff also brings this action individually and as a class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of all individuals who worked as exotic dancers at Bottoms Up at any time within the three years prior to filing this lawsuit, who were misclassified as independent contractors and who were required to pay any portion of their compensation to the owners, managers, employees, or agents of Bottoms Up, or had any compensation deducted for mandatory house fees, tip-outs, or other similar charges.

23.     This action on behalf of the class satisfies the requirements of Rule 23(a), Fed. R. Civ. P., as alleged in the following particulars:

a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

b. There are questions of law and/or fact common to the members of the proposed class;

c. The claims of Plaintiff, the representative of the proposed class, are typical of the claims of the proposed Plaintiff class; and

d. Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

24.    In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Iowa Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
### (Fair Labor Standards Act--Failure to Pay Minimum Wage)

25.    Defendants are "employers" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s), because they have annual gross sales or business of at least $500,000 and have employees engaged in interstate commerce.

26.    Plaintiff and the members of the FLSA Collective were employees of Defendants for purposes of the Fair Labor Standards Act during all times relevant to this Complaint.

27.    Defendants have failed to pay Plaintiff and the FLSA Collective Members an hourly rate of at least the minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206(a)(1)(C). Defendants are not permitted or allowed to take the tip credit against the minimum

wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because they did not provide the required notice to Plaintiff and FLSA Collective Members, and because Plaintiff and FLSA Collective Members were not allowed to keep all tips received by them, but instead were required to share their tips with management and with other employees or agents of Defendant who are not among employees who customarily and regularly receive tips, and not pursuant to a valid tip pooling or sharing arrangement under applicable law. Plaintiff and FLSA Collective Members are entitled to back wages at the minimum wage rate of $7.25 per hour for every hour worked, pursuant to the FLSA, 29 U.S.C. § 216(b). The failure of Defendants to compensate Plaintiff and FLSA Collective Members at least minimum wage was knowing, willful, intentional, and done in bad faith.

28.     Plaintiff and FLSA Collective Members are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

29.     Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (Unlawful Kickbacks under the FLSA)

30.     All previous paragraphs are incorporated as though fully set forth herein.

31.     The house fees and mandatory tip-outs that Defendants required from Plaintiff and the members of the collective constitute unlawful "kick-backs" to an employer under the FLSA, 29 U.S.C. § 203(m).

32.     29 U.S.C. § 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

33.     The unlawful kickbacks received or required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

34.     Plaintiff and the members of the collective are entitled to an award of back pay for all unlawful kickbacks required by Defendants.

35.     Plaintiff and FLSA Collective Members are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

36.     Plaintiff is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (Iowa Wage Payment Collection Law)

37.     All previous paragraphs are incorporated as though fully set forth herein.

38.     Iowa's Wage Payment Collection Law ("IWPCL") requires an employer to pay all wages due to its employees.  *See* Iowa Code § 91A.5.

39.     Defendants are subject to the wage requirements of the IWPCL because Defendants are "employers" under Iowa Code § 91A.2.

40.     At all relevant times, Plaintiff and the Iowa Class Members were covered employees entitled to the above-described IWPCL protections. *See* IOWA CODE § 91A.2.

41.     Plaintiff and the Iowa Class Members are not exempt from the requirements of the IWPCL for wage payments.

42.     Defendants, pursuant to their policies and practices, made unauthorized deductions from Plaintiff's and the Iowa Class Members' compensation in violation of the IWPCL. Iowa Code § 91A.5.

43.     Pursuant to Iowa Code § 91A.8, employers, such as Defendants, who fail to pay an employee wages in conformance with the IWPCL shall be liable to the employee for the wages or expenses that were not paid, interest, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

44.     In violating Iowa law, Defendants acted willfully and with reckless disregard of clearly applicable IWPCL provisions.

**WHEREFORE**, Plaintiff requests that the Court enter the following relief:

a.      An order authorizing the issuance of notice to current and former employees of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b.      An order certifying the Class under Rule 23 to pursue the class members' Iowa wage claims against Defendants, appointing Plaintiff as a class representative and the undersigned counsel as class counsel;

c.      An award of monetary damages to Plaintiff and Class and Collective Action Members in the form of back pay for unpaid minimum wages, reimbursement of all unlawful withholdings from Plaintiff's and the Class and Collective Action Members' wages, together with liquidated damages;

d.      Attorneys' fees and costs; and

e.      Such further relief as the Court deems just and proper.

Respectfully submitted,


 _/s/ Nate Willems_____
Rush & Nicholson P.L.C.
P.O. Box 637
Cedar Rapids, IA 52406
Tel: 319-363-5209
 Fax: 319-363-6664
Email:  nate@rushnicholson.com

Harold Lichten, *pro hac vice anticipated*
Olena Savytska, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801
Email:  hlichten@llrlaw.com
        osavytska@llrlaw.com

Attorneys for Plaintiff Amanda Vacanti,
Individually, and on Behalf of All Others Similarly
Situated